IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

EDMOND McCLINTON                                                PETITIONER

vs.                    Civil Case No. 2:02CV00126 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

### DISPOSITION

Now before the court are Petitioner's Motions for a Writ of Mandamus (DE #35 & 39) and Motion for Leave to Proceed in forma pauperis (DE #38). Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on September 6, 2002, asserting the Arkansas Department of Correction was not computing his time correctly and he should have been released on July 2, 2002. This court submitted Proposed Findings and Recommendations on March 10, 2003, recommending the petition be dismissed for failure to exhaust state remedies. The District Court adopted the recommendations on May 1, 2003, and dismissed the petition.

Thereafter, Petitioner filed various motions, asking the court to "mandamus" Respondent Norris based on various allegations regarding the computation of his time and payment for inmate labor. The District Court denied the motions on December 4, 2003. Petitioner apparently attempted to file more documents thereafter, and on January 5, 2004, the District Court entered an Order, directing the Clerk to return all papers to Petitioner that refer to this case number because the case has been dismissed and the time for appeal has passed. The court informed Petitioner that, if he exhausted state remedies, he could file a new petition. The docket reflects that Petitioner then sought permission from the Eighth Circuit Court of Appeals to file a successive petition, which the court denied as unnecessary.

Since that time, Petitioner has filed two motions for a writ of mandamus, and a motion to proceed in forma pauperis, which have been referred to this court. In its proposed findings, this court stated,

> An inmate in Arkansas who wishes to challenge the Department of Correction's computation of his release date may file a petition for declaratory judgment or mandamus against the Director of the Department of Correction or the keeper of the records of the Department in the state court in which the prison unit is located.

De #14, p. 3.

It appears from the motion filed on July 25, 2005, that Petitioner has misconstrued this to mean he must file a petition for a writ of mandamus in this court before he can seek further

relief.  It also appears Petitioner has attempted to exhaust state remedies by filing a petition for a writ of mandamus in state court.  Without determining whether such a motion is sufficient to exhaust state remedies, it appears Petitioner should be allowed to proceed at this time, at least initially, with a § 2254 petition in this court.

IT IS THEREFORE ORDERED that all pending motions (DE #'s 35, 38 & 39) in this case be, and they are hereby denied.  This case is closed and the time for appeal has passed.  THE CLERK IS DIRECTED to forward to Petitioner the appropriate forms for filing a petition under 28 U.S.C. § 2254.  Petitioner should complete the forms and submit them for filing as a new case with a new case number.  If Petitioner contends he has exhausted state remedies, he should attach to the forms copies of his state petitions or motions challenging the computation of his sentence, and copies of any orders by the state court regarding those petitions or motions.

SO ORDERED this 30th day of September, 2005.

_____
Henry L. Jones, Jr.
United States Magistrate Judge